IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYANNA Z. GREEN,<br><br>        Petitioner,<br><br>  vs.<br><br>GLORIA HENRY, Warden,<br><br>        Respondent. | No. C 05-2574 JSW (PR)<br><br>**ORDER TO SHOW CAUSE AND ADDRESSING PENDING MOTIONS**<br><br>(Docket nos. 2, 3, 4, 7) |

## INTRODUCTION

Petitioner, a prisoner of the state of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of her state conviction. Petitioner also seeks leave to proceed *in forma pauperis*. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted by a jury in Santa Clara County Superior Court of first degree murder and the personal use of a firearm. On August 7, 1998, she was sentenced to twenty-five years-to-life plus ten years in state prison. Petitioner appealed her conviction to the California Court of Appeal, which affirmed the conviction in 2001, and to the Supreme Court of California, which denied Petitioner's petition for review, also in 2001.

On December 18, 2003, Petitioner sent a document to this Court requesting an extension of time. The request was broadly construed as a petition for a writ of habeas corpus and was filed as such. *See Green v. Henry*, C 03-5622 JSW. On April 22, 2004, this Court issued an order directing Petitioner to file a formal application for a writ of habeas corpus and an *in forma pauperis* application within thirty days. Petitioner partially complied with the Court's order by filing an *in forma pauperis application* and sending a letter in response to the Court's order. However, Petitioner failed to file the Court's writ application form. Instead, she addressed a

letter to the Deputy Court Clerk, in which she specified that she had a petition pending in the California Supreme Court and, in effect, repeated her earlier request for an extension, asking the Court Clerk to inform her how much time was remaining on the statute of limitations. Because Petitioner did not file a petition for a writ of habeas corpus in this Court but instead sought an extension of time to file such a petition in the future, on May 20, 2004, the Court dismissed the petition without prejudice. Thereafter, Petitioner sought a certificate of appealability, which this Court denied on August 4, 2005, and which the Ninth Circuit denied on September 14, 2005.

On June 23, 2005, the present action was opened when the Clerk of the Court received from Petitioner a fully completed application for a writ of habeas corpus.[1] In the petition Petitioner raises eight claims, all of which she alleges she has exhausted in state court. The Supreme Court of California denied Petitioner's final habeas petition on June 8, 2005.

## DISCUSSION

I.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II. Legal Claims

The petition raises the following grounds for relief: (1) prosecutorial misconduct; (2) trial court error for failing to grant the defense motions for mistrial; (3) the wrongful

---

[1] Since this action was opened Petitioner has sent several letters to the Court in which she states that she is confused as to whether her original writ is still pending. As discussed, the first petition Petitioner filed was dismissed without prejudice. The present petition is a new and separate action.

admission of preliminary hearing testimony in violation of the right to confrontation; (4) the wrongful admission of hearsay evidence and instructional error related thereto; (5) ineffective assistance of trial counsel for failing to properly investigate and prepare an adequate defense; (6) ineffective assistance of counsel at trial; (7) trial court error for failing to respond to the jury's question; and (8) the prosecution's knowing admission of the perjured testimony of a key witness. As it does not appear from the face of the petition that Petitioner is not entitled to relief, Respondent is ordered to respond to the petition as set forth below.

III.   Pending Motions

      A.   Motion for leave to proceed *in forma pauperis*

Petitioner has filed a motion for leave to proceed *in forma pauperis*. The trust account certificate dated July 6, 2005, which Petitioner has submitted with her application, shows that on that date the average deposits each month to Petitioner's account for the most recent six-month period were $59.73, and the average balance in Petitioner's account each month for the most recent six-month period was $96.53. Based upon this information, the Court finds that Petitioner has sufficient funds to pay the $5.00 filing fee. Accordingly, the motion for leave to proceed *in forma pauperis* is DENIED. Petitioner shall pay the fee, as set forth below.

      B.   Motions for the appointment of counsel and for an evidentiary hearing

Petitioner has filed motions for the appointment of counsel and for an evidentiary hearing. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). Appointment is mandatory only when the circumstances of a particular case indicate that

appointed counsel is necessary to prevent due process violations, *see Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965), *cert. denied*, 382 U.S. 996 (1966), and whenever an evidentiary hearing is required, *see* Rule 8(c) of the Rules Governing Section 2254 Cases; *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *Bashor*, 730 F.2d at 1234. At this stage of the proceedings the Court is unable to assess whether the appointment of counsel is required. Once the Court has reviewed thoroughly the arguments and evidence presented in support of and in opposition to the petition it will be in a better position to determine whether counsel must be appointed.

Similarly, it is premature for the Court to assess whether an evidentiary hearing is required under 28 U.S.C. § 2254(e). Petitioner argues that some of her claims rely on extra-record evidence and no factual basis exists in the record to determine their merit. But this alone is not enough to warrant an evidentiary hearing. The habeas statute provides that a district court may not hold an evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in state court unless the petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). Moreover, even if an evidentiary hearing is permitted because a prisoner was able to clear the hurdle posed by § 2254(e)(2), one is not required. *Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000). Rather, the district court retains discretion whether to hold an evidentiary hearing or to expand the record with discovery and documentary evidence instead. *Williams v. Woodford*, 384 F.3d 567, 590 (9th Cir. 2004).

Accordingly, Petitioner's motions for the appointment of counsel and for an evidentiary hearing are DENIED without prejudice. If, in conjunction with its review of the merits of the petition, the Court determines that an evidentiary hearing and/or the appointment of counsel is

4

warranted, it will so order on its own initiative.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The motion to proceed *in forma pauperis* is DENIED.  (Docket no. 2.)  Within **thirty (30)** days from the date of this order Petitioner shall pay the $5.00 filing fee or shall inform the Court that she is unable to do so and why.

2. Petitioner's motions for the appointment of counsel and for an evidentiary hearing are DENIED without prejudice.  (Docket nos. 3, 4, 7.)

3. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

4. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, she shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of her receipt of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

6. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of

Change of Address."  She must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      THIS ORDER TERMINATES DOCKET NUMBERS 2, 3, 4 AND 7.

      IT IS SO ORDERED.

DATED:  January 6, 2006

                                    JEFFREY S. WHITE
                                    United States District Judge